**DAVID M.C. PETERSON**
California Bar No. Pending
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
David_Peterson@fd.org

Attorneys for Mr. Victor Vallin-Jauregui

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 06CR0480-JM |
| Plaintiff, ) | Date: February 19, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| ) | STATEMENT OF FACTS AND |
| VICTOR VALLIN-JAUREGUI, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| Defendant. ) | DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

Mr. Vallin-Jauregui was arrested on December 15, 2007. The government filed a one-count indictment charging Mr. Vallin-Jauregui with illegal reentry in violation of 8 U.S.C. § 1326 on January 2, 2008. Defense counsel has received no discovery to date.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Vallin-Jauregui moves for the production of the following discovery. His request is not limited to those items that the prosecutor knows of; it includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

//

(1) <u>The Defendant's Statements</u>.  The government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the Mr. Vallin-Jauregui; the substance of any statements made by him which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; <u>see id.</u>, any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; **any response to any <u>Miranda</u> warnings which may have been given to the defendant, including all video or audio recordings, as well as rough notes that the agent may have taken at the time of defendant's interrogation** (<u>see</u> <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982); as well as any other statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A).[1]  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> records containing reference to the defendant's statements, whether oral or written, regardless of whether the government intends to use those statements.  <u>United States v. Noe</u>, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2) <u>Arrest Reports and Notes</u>.  The defendant also specifically requests that the government turn over all arrest reports, notes and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>. The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant.  *See* Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding).  Preservation of contemporaneous notes is specifically requested, whether or not the government deems them discoverable at this time.  **In addition, defendant requests copies of all**

---

[1]  Of course, any of Mr. Vallin-Jauregui's statements which are exculpatory must be produced as well.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

**video-surveillance of the area on the date of the arrest, as well as the location of all permanent remote surveillance devices. Further, defendant requests the names of all temporary remote surveillance operators stationed at or near the Tecate Port of Entry.**

(3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Under <u>Brady</u>, <u>Kyles</u> and their progeny, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates Mr. Vallin-Jauregui.

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

(5) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) <u>Any Proposed 404(b) Evidence</u>. To the extent that there is any such evidence, the government must produce evidence of prior similar acts under Fed. R. Evid. 404(b) and "shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. <u>See</u> <u>United States v. Vega</u>, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes the contemporaneous, or "rough notes" of any arresting and interrogating officers.

(9) <u>Henthorn Material</u>. In addition, Mr. Vallin-Jauregui requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.

1991); see also United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); United States v. Herring, 83 F.3d 1120 (9th Cir. 1996) (accord). In addition, the defendant requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an in camera inspection.

(10) Tangible Objects. The defendant requests the opportunity to copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **Specifically, defendant requests copies of the audio tapes of defendant's alleged prior deportations or removals.**

(11) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co. 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . . .").

(12) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

1    (14) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any
2 evidence that any prospective witness is under investigation by federal, state or local authorities for any
3 criminal conduct.

4    (15) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The
5 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
6 that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired, and
7 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
8 alcoholic.

9    (16) <u>Witness Addresses</u>. The defendant requests the name and last known address of each
10 prospective government witness. <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense
11 counsel has equal right to talk to witnesses). The defendant also requests the name and last known address
12 of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof)
13 who will not be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).
14 **Specifically, defendant requests the names and last known addresses of the percipient witnesses to the**
15 **crime charged, to wit, the twelve individuals who were arrested along with Mr. Vallin-Jauregui.**

16    (17) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement
17 relevant to any possible defense or contention that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d
18 1105 (9th Cir. 1982). This includes all statements by percipient witnesses.

19    (18) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material,
20 including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed.
21 R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to
22 investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account
23 of the witness' interview is sufficient for the report or notes to qualify as a statement under section
24 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952
25 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview
26 notes are subject to Jencks Act).

27    (19) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant
28 requests all statements and/or promises, express or implied, made to any government witnesses, in exchange

1    for their testimony in this case, and all other information which could arguably be used for the impeachment
2    of any government witnesses.

3    (20) <u>Agreements Between the Government and Witnesses</u>. In this case, the defendant requests
4    identification of any cooperating witnesses who have committed crimes but were not charged so that they
5    may testify for the government in this case. The defendant also requests discovery regarding any express
6    or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other
7    kind of agreement or understanding, including any implicit understanding relating to criminal or civil
8    income tax, forfeiture or fine liability between any prospective government witness and the government
9    (federal, state and/or local). This request also includes any discussion with a potential witness about or
10   advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made,
11   or the advice not followed.

12   Pursuant to <u>United States v. Sudikoff</u>, 36 F. Supp.2d 1196 (C.D. Cal. 1999), the defense requests
13   <u>all</u> statements made, either personally or through counsel, <u>at any time</u> which relate to the witnesses'
14   statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or
15   detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness
16   at any time.

17   (21) <u>Informants and Cooperating Witnesses</u>. To the extent that there was any informant, or any
18   other tip leading to a TECS hit in this case the defendant requests disclosure of the names and addresses of
19   all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any
20   informant who was a percipient witness in this case or otherwise participated in the crime charged against
21   Mr. Vallin-Jauregui. The government must disclose the informant's identity and location, as well as the
22   existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>,
23   353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which
24   exculpates or tends to exculpate the defendant.

25   (22) <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any
26   information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>.
27   Such information would include what, if any, inducements, favors, payments or threats were made to the
28   witness to secure cooperation with the authorities.

1    (23) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Defendant requests all
2 citizen complaints and other related internal affairs documents involving any of the immigration officers
3 or other law enforcement officers who were involved in the investigation, arrest and interrogation of
4 Defendant.  <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of
5 these documents, defense counsel will be unable to procure them from any other source.

6    (24) <u>Inspection and Copying of A-File</u>.  **Mr. Vallin-Jauregui requests that this court order the**
7 **government to make all A-Files relevant to Mr. Vallin-Jauregui available for inspection and copying.**

8    (25) <u>Names of all percipient witnesses</u>.  **Mr. Vallin-Jauregui requests the names of all percipient**
9 **witnesses to the arrest, including the 12 other individuals alleged to have been arrested with Mr.**
10 **Vallin-Jauregui.**

11    (26) <u>Residual Request</u>.  Mr. Vallin-Jauregui  intends by this discovery motion to invoke his rights
12 to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
13 Constitution and laws of the United States.  Mr. Vallin-Jauregui requests that the government provide his
14 attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior
15 to cross-examination.

### III.

### MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS

18    Mr. Vallin-Jauregui and defense counsel have received **zero pages** of discovery in this case.  As
19 information surfaces due to the government providing discovery in response to these motions or an order
20 of this court, defense will find it necessary to file further motions, or to supplement existing motions with
21 additional facts. Moreover, the defense has been investigating Mr. Vallin-Jauregui' alleged alienage, and
22 once all information is received, it is anticipated that further motions will be filed. Particularly, once the
23 government provides discovery, it might become necessary, upon provision of discovery, to file motions
24 to 1) suppress statements, 2) dismiss the indictment due to misinstruction of the Grand Jury, 3) dismiss the
25 indictment for failure to allege the elements of 8 U.S.C. § 1326, and 4) a motion based upon 8 U.S.C.
26 § 1326(d).  Therefore, defense counsel requests the opportunity to file further motions based upon
27 information gained from discovery.

28 //

## IV.

## **CONCLUSION**

For the reasons stated above, Mr. Vallin-Jauregui moves this Court to grant his motions.

Respectfully submitted,

Dated:  January 15, 2008          */s/ DAVID M.C. PETERSON*
                                               DAVID M.C. PETERSON
                                               Federal Defenders of San Diego, Inc.
                                               Attorneys for Mr. Vallin-Jauregui
                                               David_Peterson@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: January 15, 2008         /s/ DAVID M. C. PETERSON
                                Federal Defenders of San Diego, Inc.
                                225 Broadway, Suite 900
                                San Diego, CA  92101-5030
                                (619) 234-8467  (tel)
                                (619) 687-2666  (fax)
                                David_Peterson@fd.org (email)